IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WARREN DURHAM JR., Plaintiff ) | CIVIL ACTION |
| ) | |
| V.                                                      ) | NO. 02-82 ERIE |
| ) | |
| JAMES D. WASHBURN, individually, in ) | District Judge Cohill |
| his capacity as police officer for City of ) | Magistrate Judge Baxter |
| Erie; DOMINIC DILULLO, individually ) | |
| in his capacity as police officer for City ) | |
| of Erie; MARK SANDERS, individually ) | |
| in his capacity as police officer for City ) | |
| of Erie; JOHN DOE BADGE NO. 46, ) | |
| individually, in his capacity as police ) | |
| officer for City of Erie; JOHN DOE ) | |
| BADGE NO. 160, individually, in his ) | |
| capacity as police officer for City of ) | |
| Erie; WEST END AUTO BODY, INC.; ) | |
| CITY OF ERIE; DAN STRONG; ) | |
| CHRISTOPHER STRONG; JULIE A. ) | |
| GREHL; DAVID BAGNONI; JOHN ) | |
| DOE and others not known presently ) | |
| to Plaintiff, ) | |
| Defendants.   ) | |
| _____ ) | |

## AMENDED COMPLAINT

COMES NOW, Warren Durham Jr., Plaintiff in the above matter submitting his amended complaint. A motion to amend pursuant to Federal Rules of Civil Procedure, Rule 15 to add new Defendants not previously known to Plaintiff should be granted. See: <u>Small v. Lehman</u>, 98 F.3d 762 (3d Cir.1996).

## RELEVANT FACTUAL AND PROCEDURAL HISTORY

1. On March 14, 2002, Plaintiff filed the original complaint in this matter. By judgment entered March 8, 2004, the Third Circuit Court of Appeals affirmed in part and vacated in part District Judge Sean J. McLaughlin's order to dismiss dated March 28, 2003.

2. On May 24, 2004, Plaintiff filed a motion to supplement complaint based on events

1

that occurred after the original complaint. Specifically, the newly discovered evidence in the form of a newspaper article dated May 10, 2004, published by the Erie Times' News and reported that Defendant West End Auto Body, Inc., West End owner Dan Strong and other co-defendants were accused of vehicle-fraud in a criminal matter before the Erie County Court. Subsequently, the Defendants plead no contest to tampering with records. A separate civil action ensued.

## AMENDED COMPLAINT

3. Defendants JAMES D. WASHBURN; DOMINIC DILLULLO; MARK SANDERS; JOHN DOE BADGE NO. 46; and JOHN DOE BADGE NO. 220; were, at all times material to this amended complaint, duly appointed police officers of the City of Erie Police Department. At all times material to this amended complaint, these Defendants acted toward Plaintiff under color of the statutes, ordinances, customs, and usage of the State of Pennsylvania, City of Erie, and the Erie Police Department.

4. Defendants of the Erie Police Department seized Plaintiff's car from his home, towed it to the City Hall parking lot and illegally searched the interior and trunk areas of Plaintiff's car. On January 26, 1996, Plaintiff's car was subsequently removed by Defendants from the City Hall parking lot to Defendant West End Auto Body, Inc., where Defendants conducted further illegal searches of Plaintiff's car, then destroyed said car in a crushing machine.

5. Defendants of the Erie Police Department conspired with Defendants West End Auto Body, Inc., City of Erie, Dan Strong, Christopher Strong, Julie A. Grehl, and David Bagnoni to unreasonably search, seize and remove Plaintiff's property in violation of his Fourth and Fourteenth Amendments.

6. Defendants of the Erie Police Department violated various provisions of the Racketeer Influenced and Corrupt Organization Act ("RICO"), 18 U.S.C. sections 1961-1968. The Defendants received money (i.e., "income") from a pattern of racketeering activity which they invested in an enterprise engaged in or which affected interstate or foreign commerce which injured the Plaintiff.

7. Defendants of the Erie Police Department violated federal law pursuant to mail fraud, 18 U.S.C. sec 1341, and wire fraud, 18 U.S.C. sec. 1343 when knowingly and intentionally participating in the scheme and the use of interstate mails or transmission facilities in furtherance

of the scheme.

8. Defendants of the Erie Police Department intentionally, or with deliberate indifference and callous disregard of Plaintiff's rights, deprived Plaintiff of his right to be free of mental and emotional distress, unreasonable searches and seizures in violation of the Fourth, and Fourteenth Amendments to the Constitution of the United States, and 42 U.S.C. sec. 1983, 1985, and 1986.

WHEREFORE, Plaintiff Warren Durham Jr., demands judgment against Defendants of the Erie Police Department jointly and severally, for compensatory damages in the amount of $250,000., and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $1,000,000., plus the cost of this action and such other relief as this Court deems just, proper, and equitable.

9. Defendants DAN STRONG; CHRISTOPHER STRONG; JULIE A. GREHL; and DAVID BAGNONI; were, at all times material to this amended complaint, these Defendants acted toward Plaintiff under color of the statutes, ordinances, customs, and usage of the State of Pennsylvania, City of Erie, and the Erie Police Department.

10. The Defendants conspired with Defendants West End Auto Body, Inc., City of Erie, and the Erie Police Department to unreasonably search, seize, and remove Plaintiff's property in violation of his Fourth and Fourteenth Amendments.

11. The Defendants violated various provisions of RICO, 18 U.S.C. sec. 1961-1968. The Defendants received money (i.e., "income") from a pattern of racketeering activity which they invested in an enterprise engaged in or which affected interstate or foreign commerce which injured the Plaintiff.

12. The Defendants violated federal law pursuant to mail fraud, 18 U.S.C. sec. 1341, and wire fraud, 18 U.S.C. sec. 1343 when knowingly and intentionally participating in the scheme and the use of interstate mails or transmission facilities in furtherance of the scheme.

13. The Defendants intentionally, or with deliberate indifference and callous disregard of Plaintiff's rights, deprived Plaintiff of his right to be free of mental and emotional distress, unreasonable searches and seizures in violation of the Fourth, and Fourteenth Amendments to the Constitution of the United States, and 42 U.S.C. secs. 1983, 1985, and 1986.

WHEREFORE, Plaintiff Warren Durham Jr., demands judgment against Defendants Dan Strong, Christopher Strong, Julie A. Grehl, and David Bagnoni jointly and severally, for compensatory damage in the amount of $250,000., and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $1,000,000., plus the cost of this action and such other relief as this Court deems just, proper, and equitable.

14. Defendant WEST END BODY, INC., were, at all times material to this amended complaint, has conspired with the Erie police Defendants, and Defendants Dan Strong, Christopher Strong, Julie A. Grehl, and David Bagnoni to unreasonably search, seize and remove Plaintiff's property in violation of his Fourth and Fourteenth Amendments. At all times material to this amended complaint, these Defendants acted towards Plaintiff under color of the statutes, ordinances, customs and usage of the State of Pennsylvania, and Erie Police Department.

15. The Defendant violated various provisions of RICO, 18 U.S.C. sec. 1961-1968. The Defendant received money (i.e., "income") from a pattern of racketeering activity which they invested in an enterprise engaged in or which affected interstate or foreign commerce which injured the Plaintiff.

16. The Defendant violated federal law pursuant to mail fraud, 18 U.S.C. sec. 1341, and wire fraud, 18 U.S.C. sec. 1343 when knowingly and intentionally participating in the scheme and the use of interstate mails or transmission facilities in furtherance of the scheme.

WHEREFORE, Plaintiff Warren Durham Jr., demands judgment against Defendant West End Auto Body, Inc., for compensatory damages in the amount of $250,000., and further demands punitive damages in the amount of $1,000,000., plus the cost of this action and such other relief as this Court deems just, proper, and equitable.

17. Defendant CITY OF ERIE, were, at all times material to this amended complaint, maintained an official policy and custom of permitting the occurrences of the type of deprivations set forth herein, above and hereafter, encouraging unlawful search and seizures without warrants, and failure to investigate police misconduct. The Defendant's procedure for the return of unlawfully seized property is entirely inadequate in practice.

WHEREFORE, Plaintiff Warren Durham Jr., demands judgment against Defendant City

of Erie, for compensatory damages in the amount of $250,000., plus the cost of this action, and such other relief as this Court deems just, proper, and equitable.

## DECLARATION

I, Warren Durham Jr., declare under penalty of perjury that the foregoing is true and correct.

*Warren Durham Jr.*
WARREN DURHAM JR.

DATED: 7/18/05

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WARREN DURHAM JR., Plaintiff | ) | CIVIL ACTION |
| | ) | |
| V. | ) | NO. 02-82 ERIE |
| | ) | |
| JAMES WASHBURN, Defendants | ) | District Judge Cohill |
| ET AL. | ) | Magistrate Judge Baxter |

### CERTIFICATE OF SERVICE

I, Warren Durham Jr., hereby verify that I have mailed a true and correct copy of "Amended Complaint" to the persons named below by FIRST CLASS MAIL, postage prepaid:

David Ridge, Esquire
246 West Tenth Street
Erie, Pa. 16501

Gerald J. Villella, Esquire
626 State Street
Erie, Pa. 16501

*Warren Durham Jr*
WARREN DURHAM JR.
12119 MATHERSON AVE.
CLEVELAND, OH. 44135

DATED: 7/18/05

6