IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WARREN DURHAM, JR., Plaintiff | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 02-82 ERIE |
| | : | |
| JAMES D. WASHBURN, et al., | : | District Judge McLaughlin |
| Defendants | : | Magistrate Judge Baxter |

MOTION TO DISMISS COMPLAINT
FILED BY DEFENDANT, WEST END AUTO BODY, INC.

**AND NOW,** this 3rd day of August, 2005, comes the Defendant, WEST END AUTO BODY, INC. (hereinafter (West End") by and through its counsel, RIDGE & MCLAUGHLIN, and states the following in support of its Motion to Dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), stating as follows:

I.   **Legal Background**

The plaintiff originally filed a civil complaint with the following caption:

> "Warren Durham, Jr., Plaintiff v. James D. Washburn, individually, in his capacity as police officer for City of Erie; Dominic DiLullo, individually in his capacity as police officer for City of Erie; West End Auto Body, Inc.; City of Erie; John Doe and other not known presently to plaintiff, Defendants"

Motions to dismiss pursuant to Rule 12(b)(6) were filed by West End and by the City of Erie. Initially, the Federal Magistrate granted the 12(b)(6) motion filed on behalf of the City of Erie and West End and dismissed all claims. That Order was affirmed by the District Court on March 28, 2003.

The plaintiff subsequently filed an appeal to the United States Court of Appeals for the Third Circuit. On December 2, 2003, the Third Circuit entered the following Judgment:

> "This cause came on to be heard on the record for the United States District Court for the Western District of Pennsylvania. On consideration whereof, it is now here ORDERED and ADJUDGED by this Court that the judgment of the District Court entered on March 28, 2003, be, and the same, is hereby AFFIRMED in part and VACATED in part, and the matter is REMANDED for further proceedings."

In its Opinion, the Third Circuit concluded by stating:

> "Accordingly, we will affirm the judgment of the District Court insofar as it granted the defendants' motions to dismiss Durham's claims pertaining to the search and seizure of his car. We will vacate the Order to the extent that it dismissed Durham's claims relating to the car's destruction, and will remand for further proceedings consistent with this Opinion. We stress that we have not inquired into the merits of, or any defenses to, Durham's claim with regard to the car's destruction."

Subsequent to that, on September 3, 2004, Magistrate Judge Baxter entered the following Order:

> "IT IS HEREBY ORDERED that Plaintiff's motion to supplement complaint (Document #31) is granted, except that Plaintiff shall not include claims related to the search and seizure of his vehicle, as such claims were previously dismissed by this Court, and such dismissal was affirmed by the Third Circuit Court of Appeals. Plaintiff shall file his amended complaint and serve it up all Defendants on or before September 30, 2004..."

Plaintiff was granted an extension of time in which to file his amended complaint.

However, the plaintiff, in filing his Amended Complaint, has added numerous other individuals, including individuals who were previous employees of West End. Those individuals apparently have not been properly served by the plaintiff.

It should also be noted that the initial paragraph of the Amended Complaint states: "a Motion to Amend pursuant to Federal Rules of Civil Procedure, Rule 15 to add new Defendants not previously known to plaintiff should be granted. See: *Small v. Lehman*, 98 F.3d 762 (3d Cir. 1996)." However, no such motion pursuant to Rule 15 has been filed by the plaintiff.

## II. MOTION TO DISMISS PURSUANT TO RULE 12 (b)(6)

1. The Amended Complaint should be dismissed because the Complaint fails to state a claim for which relief can be granted in that it:

   (a) Still fails to allege the appropriate factual circumstances which would support a tolling of the applicable two-year statute of limitations for civil rights actions, as applicable to defendant West End;

   (b) Asserts a legal conclusion of an "illegal" search and seizure of his property inconsistent with the existence of a valid search warrant for his vehicle at the time of his arrest on or about January 26, 1996; Furthermore, the plaintiff has been specifically prohibited from including claims related to the search and seizure of his vehicle "as such claims were previously dismissed by this Court, and such dismissal was affirmed by the Third Circuit Court of Appeals;

   (c) Names new defendants who were previously employees of West End: Christopher Strong and Julie A. Grehl, and names those new defendants without authorization or leave of Court and has brought this action against those individuals outside of the applicable two-year statute of limitations provided by Pennsylvania law and by the applicable civil rights statutes.

   (d) Despite not being granted leave of Court, the plaintiff adds entirely new theories under the Racketeer Influence and Corrupt Organization Act (RECO), which allegations are both time-barred by the statute of limitations and unsupported by any facts alleged in the Amended Complaint;

   (e) Fails to identify any specific date whereby defendant West End caused the destruction of the vehicle in question, which the Third Circuit identified as the only allegation of his original complaint which was not time barred because of his alleged discovery of the destruction, as opposed to his allegations of unlawful seizure which were filed too late and which were dismissed by both the Federal Magistrate, the District Court and by the Third Circuit;

   (f) Failed to provide any legal basis as to how Daniel Strong, Christopher Strong and Julie Grehl allegedly violate any federal law pursuant to Mail Fraud 18 U.S.C. Section 1341, and Wire Fraud 18 U.S.C. Section 1343;

   (g) The Amended Complaint also states "relevant factual and procedural history" allegedly based upon a newspaper article dated May 20,

      2004 which reported that "defendant West End, West End owner, Dan Strong, and other co-defendants were accused of vehicle-fraud in a criminal matter before the Erie County Court.  Subsequently, the defendants pled no contest to Tampering With Records.  A separate civil action ensued."  Such allegation is totally irrelevant to the cause before this Court.  None of the allegations filed against West End or one of its owners, Daniel Strong, made any reference, either directly or indirectly, to plaintiff Warren Durham.

**WHEREFORE,** the defendant West End demands that the Amended Complaint be dismissed either under Rule 12(b)(6) or that Summary Judgment be granted under Rule 56 of the Federal Rules of Civil Procedure.

      II.    **MOTION TO DISMISS PURSUANT TO RULE 12(B)(4) and 12(b)(5)**

    2.    The plaintiff in his Amended Complaint has added defendants Julie A. Grehl and Christopher Strong.  It is acknowledged that both individuals were formally employees of West End.

    3.    It is also averred that those individuals have not been the subject of appropriate process and/or appropriate service pursuant to the Federal Rules of Civil Procedure.

**WHEREFORE,** to the extent that West End has standing because of the fact that those individuals were former employees of West End, West End hereby requests dismissal of the Amended Complaint against Christopher Strong and Julie A. Grehl respectively pursuant to Rule 12 (b)(4) and 12(b)(5) of Federal Rules of Civil Procedure.

                                         Respectfully submitted,
                                         **RIDGE and McLAUGHLIN**

                      BY:_____
                          David G. Ridge, Esquire
                          246 West Tenth Street
                          Erie, Pennsylvania 16501
                          (814) 454-1010
                          Attorney for Defendant, West End Auto Body, Inc.

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **WARREN DURHAM, JR.,** Plaintiff | : | **CIVIL ACTION** |
| | : | |
| v. | : | **NO. 02-82 ERIE** |
| | : | |
| **JAMES D. WASHBURN, et al.,** | : | **District Judge McLaughlin** |
| Defendants | : | **Magistrate Judge Baxter** |

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Motion to Dismiss Complaint Filed By Defendant West End Auto Body, Inc., was served this date via U.S. first class mail upon the following individuals, in accordance with Rules of this Court:

Gerald J. Villella, Esquire
626 State Street, Room 505
Erie, Pennsylvania 16501

Warren Durham, Jr.
12119 Matherson Avenue
Cleveland, Ohio 44135

Respectfully submitted,

**RIDGE & MCLAUGHLIN**

By: _____
David G. Ridge, Esquire
246 West Tenth Street
Erie, PA 16501
(814) 454-1010

Attorney for Defendant West End Auto Body, Inc.

Dated: August 3, 2005