# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WARREN DURHAM, JR., Plaintiff** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO.  02-82 ERIE** |
| | : | |
| **JAMES D. WASHBURN, et al.,** | : | **District Judge McLaughlin** |
| **Defendants** | : | **Magistrate Judge Baxter** |

## MEMORANDUM  IN SUPPORT OF DEFENDANT
## WEST END AUTO BODY'S MOTION TO DISMISS

**AND NOW,** comes the Defendant, WEST END AUTO BODY, INC. (hereinafter (West End") by and through its counsel, RIDGE & MCLAUGHLIN, and files the following Memorandum in Support of its Motion to Dismiss the Plaintiff's Complaint pursuant to Fed.R.Civ.P.12(b), and in support thereof, avers as follows:

**Previous Legal Pleadings:**

Initially, West End acknowledges that the plaintiff had filed a Motion to Supplement Complaint and averred that he had received information from an Erie Times-News article concerning the criminal investigation which had been conducted by the Office of the Attorney General of Pennsylvania and which had led to the filing of charges against certain West End employees.  That motion was opposed by West End.  However, on September 3, 2004, the United States Magistrate Judge did grant the motion, but specifically ruled that the "plaintiff shall not include claims related to the search and seizure of his vehicle....".

It is therefore acknowledged that pursuant to the Order of September 3, 2004, that the plaintiff was allowed to file an Amended Complaint, and has done so by adding Christopher Strong and Julie A. Grehl, former employees of West End as defendants.  The Complaint has also alleged that West End committed violations above and beyond the original 1983 alleged violation, including

alleged violations of the RICO Statute, and the Mail Fraud and Wire Fraud Statutes.  However,  it may still be argued that the plaintiff's failure to comply with the rules of process and service, as well as the fact that he has missed the appropriate statute of limitations with regard to the actions he now brings against West End and former employees, as well as the fact that the plaintiff has failed to allege any relevant facts whatsoever to support the new allegations, all support the Motion to Dismiss pursuant to Rule 12(b)(4), Rule 12(b)(5) and Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## ARGUMENT I
## LEGAL STANDARD FOR MOTION TO DISMISS

As this Court is obviously aware, in reviewing a Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(6), the Court should take as true the factual allegations in the Complaint and all reasonable inferences therefrom.  *Schuylkill Energy Resources v. Pennsylvania Power and Light Company,* 113 F.3d 405 (1997).  However, the Court is not "required to accept as true unsupported conclusions and unwarranted references."

In the instant case, the allegations raised in the Amended Complaint states unsupported conclusions and unwarranted references to alleged violations of Section 1983, RICO Statutes, Mail Fraud Statutes, Wire Fraud Statutes and other alleged statutory and common law violations. Therefore, the entire Amended Complaint should be dismissed.

42 U.S.C. §1983 provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom or usage, or of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen in the United States or other person within the jurisdiction thereof, the deprivation of any rights, privileges, or immunities secured by the Constitution and Laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

> To assert a claim under Section 1983, the Plaintiff must allege

and prove "a violation of a right protected by the Constitution of Laws of the United States that was committed by a person acting under the color of state law." *Nicini v. Morra*, 212 F3d 798, 806 (Third Circuit 2000). In this regard, the Plaintiff clearly fails.

The Plaintiff has not been able to set forth any facts which would support his claim that West End Auto Body, Inc. violated any constitutional right. Moreover, he has not raised any facts which shows that West End Auto Body, Inc., a corporate entity, was acting under color of state law when it was required to tow Plaintiff's vehicle to its facility and where it was stored at the time of the alleged search.

Assuming *arguendo* that West End Auto Body, Inc. was "acting under color of state law" which Defendant vehemently denies, the first step in the analysis of the Section 1983 claim is to "identify the exact contours of the underling rights said to have been violated" and to determine "whether the Plaintiff has alleged the deprivation of a constitution (or federal) statutory right, et al. *Duchini*, 212 F.3d at 806, quoting *County of Sacramento v. Lewis,* 523 U.S. 833, 841 N.5, 118 S.ct. 1708 (1998). Under that analysis, the Plaintiff has not shown that West End Auto Body, Inc. was involved in any type of deprivation of a Constitutional or other statutory right.

Finally, it must be noted that West End Auto Body, Inc. has a contractual arrangement with the City of Erie Police Department. Therefore, it is required to town vehicles when the City of Erie requests it. Therefore, the Defendant further contends that any alleged violation by the City of Erie Police Department and/or its individual officers would not cause liability directed upon West End Auto Body, Inc. Vicarious liability may not serve as a basis for a Section 1983 claim. *Monell v. Department of Social Services,* 436 U.S. 658, 98 S.Ct. 2018 (1978). This is so, not only for government officials and entities, but also for private corporations such as West End Auto Body, Inc. *Harvey v. Harvey,* 949 F.2d 1127, 1129-1120 (11th Cir. 1992) (Collecting Case).

## ARGUMENT II
## STATUTE OF LIMITATIONS

In reviewing a Motion to Dismiss under Rule 12(b)(6), where the complaint itself sets forth any obvious or "built-in defenses" such as the statute of limitations, there is no need to progress to judgment on the pleadings or summary judgment, and dismissal under Rule 12(b)(6) is warranted.

See *Oshiver v. Levin*, *Fishbein, Sedran and Berman*, 38 F.3d, 1380 (3rd Cir. 1994). Therefore, this Court may initially grant the Motion to Dismiss Pursuant to Rule 12(b)(6), since the plaintiff has failed to provide any appropriate date for the destruction of the vehicle or any supplemental information as to when he discovered the destruction of the vehicle. Moreover, the plaintiff has not pled any facts as to how any alleged violations of the RICO statute, the Mail Fraud statute, the Wire Fraud statute or any other alleged violations committed by West End would not now be barred by the statute of limitations. For example, the applicable statute of limitations for a RICO violation would be four years. Since this Amended Complaint was not filed until approximately July 20, 2005, the alleged violations of various statutes which the plaintiff is generically quoting are all now outside of the appropriate statute of limitations. The plaintiff's reference in his Motion to Supplement Complaint to a newspaper article from May 10, 2004 is totally irrelevant to the Court's determination in the instant case, since any article concerning the matter in the Court of Common Pleas of Erie County or the case itself had nothing to do with the plaintiff's situation and his present allegations.

## ARGUMENT III

The destruction of the vehicle by defendant West End does not establish liability against West End for any wrongful act beyond negligence at most.

As the "Brief in Support of Motion to Dismiss of Defendants Washburn, Dillulo, City of Erie and Others," which was originally filed by the City of Erie with regard to the original Motion to Dismiss indicates, the plaintiff's claims are basically allegations of negligence with regard to the destruction of the vehicle. The legal analysis which the City of Erie provided to the Court at that time, which is incorporated in full below, also provides support for West End as to why the Amended Complaint, including those alleged violations of Section 1983, should be dismissed. As

indicated, the argument set forth by the City of Erie at that time is hereby incorporated fully below:

> "Plaintiff's complaint also makes reference to the actual fate of his vehicle, which was destroyed by crushing machine in October 1996 by defendant West End, even before Plaintiff had begun his efforts to recover it. This unfortunate fact was discovered by the undersigned counsel in September 2000, and immediately communicated to the Plaintiff by letter of September 19, 2000, referencing a phone conversation and documents from West End. Plaintiff included counsel's letter in his Petition for Writ of Mandamus to the Supreme Court (Exhibit 1 attached); and thus this set of facts becomes part of the scope of review for this court in ruling on the Motion to Dismiss.
>
> When the vehicle owned or registered to Plaintiff was seized on January 24, 1996, it was logged on the search warrant by defendant Washburn as a 1982 Oldsmobile Royale two tone blue for door bearing Ohio Registration WOT-579, with VIN 1G3AN69Y4CM295148 (Exhibit 2). The police requested West End, A City-contracted tower, to take the vehicle from the City Hall parking lot on January 26, 1996, as the vehicle had been processed for evidence but was not, at that point, considered to be evidence. The form filled out by the City requesting the removal showed that there was no record found as of the ownership when the VIN was checked (Exhibit 3). No one in behalf of Plaintiff had inquired about the car or its contents, and West End placed it in storage. In June, West End ran a classified ad with the same VIN asking the owner to claim the car (Exhibit 4), after having received official notice from the Pennsylvania Department of Transportation that the owner of the vehicle with the VIN submitted could not be determined (Exhibit 5). West End applied to the Commonwealth of Pennsylvania Department of Transportation on June 27, 1996 for a Salvor Title for an abandoned junk vehicle, again submitting the same VIN (Exhibit 6), and a "junk title" issued on July 3, 1996 (Exhibit 7). A checklist kept by West End notes the crushing of the vehicle on October 15, 1996 (Exhibit 8), as referenced in the cover letter from West End on September 20, 2000 (Exhibit 9).
>
> It is clear that, while the District Attorney may have considered the vehicle as evidence in any potential retrial of Plaintiff, the car was actually destroyed nearly six years ago by West end through the abandoned vehicle process, with no prior notice to Plaintiff or the District Attorney because Plaintiff was not identified as the owner of a vehicle with the submitted VIN. The possibilities raised by this set of facts include the following:
>
> > 1. Plaintiff had an Ohio license plate registered but used on a vehicle which he did not actually own. He has repeatedly referred to the car as a 1984 Oldsmobile, while the police and West End document it as a 1982 model. Plaintiff has also not referenced or attached a copy of his title to the car.
> > 2. Plaintiff owned the car, and the wrong VIN was written down by the officer on the search warrant, and by West End during the salvage application. Possibly West End did not check the VIN and relied on the

City's documentation of it.

Under either of these possible scenarios, there is no basis for liability to be imposed upon the City of Erie or either police officer defendant. Given that Detective Washburn, in seeking the search warrant for Plaintiff's vehicle, was acting upon the victim's assertion that the rape and other crimes were perpetrated by Plaintiff in his car, there would be no rational motivation for the officer to write down the wrong VIN intentionally, as he would want to case doubt on Plaintiff's ownership of the car. If the VIN was incorrectly identified, it would be an act of negligence at worst. Section 1983 liability is not imposed against any person or municipal defendant for negligent, rather than intentional, deprivations of rights or property - *Daniels v. Williams* 474 U.S. 327 (1986) and *Davidson v. Cannon* 474 U.S. 344 (1986). While the Third Circuit has permitted claims to proceed under a gross negligence theory *Metzger v. Osbeck* 841 F.2d 51`8 (1988); *Colburn v. Upper Darby Twp.* 838 F.2d 663 (1988) the prevailing view rejects a gross negligence theory of Section 1983 liability for due process claims as inconsistent with Supreme Court decisions: *Lewellen v. Metropolitan Government* 34 F.3d 345 (6th Cir. 1994), citing *Collins v. City of Harker Heights* 112 S.Ct. 1061 (1992).

Given that the transcription of a Vehicle Identification Number from an older vehicle is often made difficult by wearing or soiling of the numbers and letters, such that "9" might appear as "4" or "G" as "6", it is difficult to see any action by the City Police as grossly negligent. Consider also that West End, as part of the salvage application, would have or should have read the VIN on its own. If the police erred in writing down the VIN initially, the mistake should have been caught by West End.

Furthermore, Plaintiff appears to admit that neither he nor anyone in his behalf made any effort to get the vehicle or its contents back until more than 18 months after his arrest. It would appear that the entire matter is characterized by a certain degree of negligence on the part of all involved, if in fact the Plaintiff actually owned the subject vehicle and the VIN was misread so as to result in the Commonwealth's inability to identify him as the owner."

## ARGUMENT IV
## FAILURE TO FILE A MOTION TO AMEND
## PURSUANT TO FED.R.CIV.P. 15

As indicated in the Motion to Dismiss, the plaintiff's Amended Complaint makes a reference to "a Motion to Amend Pursuant to Federal Rules of Civil Procedure, Rule 15 to add new defendants not previously known should be granted." However, West End avers that the record is clear that no such motion was filed, even though a Motion to Supplement Complaint was granted as referenced above.

It is argued that a Motion to Supplement Complaint is not identical to a Motion which would have to be filed under Rule 15(a). As this Court is aware, Rule 15(a) states as follows:

> **Amendment**. A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within twenty days after it is served. *Otherwise, a party may amend the party's pleading only by leave of Court or by written consent of the adverse party; and these shall be fairly given when justice so requires.* (Emphasis ours)

Obviously, defendant West End would argue that a Rule 15 Motion to Amend has not been granted by leave of Court and, as argued above, a Motion to Supplement Complaint was not the same type of action, especially in light of the amendments and additions that the plaintiff has now made in his Amended Complaint. Therefore, this Court should determine that the grant of the Motion to Supplement Complaint did not permit the plaintiff to add these new allegations and new defendants. It is noted though, that if this Court does believe that the previous Motion to Supplement Complaint did provide the plaintiff some license, the Court may still determine that the Amended Complaint should be dismissed for the reasons set forth above and below.

### ARGUMENT V
### <u>MOTION TO DISMISS PURSUANT TO RULE 12(b)(4) AND 12(b)(5)</u>

As indicated in the Motion to Dismiss, it is averred that West End has standing to file a Motion to Dismiss pursuant to Rule 12 (b)(4) and 12 (b)(5) on behalf of former employees, Christopher Strong and Julie A. Grehl, who have now been named as defendants in the Amended Complaint filed by the plaintiff. Therefore, West End would aver on behalf of its former employees that the plaintiff has failed to comply with the applicable Rules of Civil Procedure concerning process and service of the Amended Complaint.

Counsel has inquired as to whether the Amended Complaint has been served upon

Christopher Strong and Julie A. Grehl.  Counsel has inquired of the present owner of West End, Daniel Strong, as to whether he had any knowledge that the prior employees had been served. Daniel Strong has indicated he had not received any information from Christopher Strong, his son, or from Julie A. Grehl, his ex-wife, that they had been served a copy of the Amended Complaint or had received any notice of it.

If the plaintiff can produce evidence that he has complied with the applicable Federal Rules of Civil Procedure, and has in fact properly filed and served the additional defendants, West End would withdraw the 12(b)(4) and 12(b)(5) Motions, but would still rest on all the other arguments made under Rule 12(b)(6).

## ARGUMENT VI

The defendant West End also incorporates by reference as though fully restated all arguments made by co-defendant City of Erie and its employees through City Solicitor Gerald J. Villella, Esquire.


Therefore, unless this Court determined that the Motion to Supplement Complaint also serves as a basis to amend the Complaint, which the plaintiff apparently does not do so as indicated by his reference to Rule 15 in the Amended Complaint, the Court may determine that the new issues raised in the Amended Complaint were not previously permitted by the Court, and therefore those allegations should be dismissed.

Respectfully submitted,

**RIDGE and McLAUGHLIN**


BY: s/David G. Ridge, Esquire
        David G. Ridge, Esquire
        246 West Tenth Street

Erie, Pennsylvania 16501
(814) 454-1010

Attorney for Defendant, West End Auto Body, Inc.

dr/Strongmemo