IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WARREN DURHAM JR.<br>　　　　Plaintiff | : CA. NO. 02-82-ERIE<br>:<br>: |
| 　　　v.<br>JAMES D. WASHBURN, individually, in his capacity as a police officer for the City of Erie; DOMINIC DILULLO, individually in his capacity as police officer for the City of Erie; WEST END AUTO BODY, INC; CITY OF ERIE and others not known presently to the Plaintiff, | : JUDGE COHILL<br>: MAGISTRATE JUDGE BAXTER<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

**MOTION TO DISMISS AMENDED COMPLAINT**

　　　　AND NOW, this  3rd  day of August, 2005, come Defendants, James D. Washburn, Dominick DiLullo, and the City of Erie, as well as any John Doe defendants who are officers, employees or agents of the City of Erie, by and through the Office of City Solicitor, and state the following in support of their Motion to Dismiss the Amended Complaint under Federal Rule of Civil Procedure 12 (b) (6).

1.　The complaint fails to state a claim for which relief can be granted in that it:

　　　a) Sets forth on its face a failure to file this action within the applicable two-year statute of limitations for a civil rights action.

　　　b) Asserts a legal conclusion of an "illegal" search and seizure of his property inconsistent with the existence of a valid search warrant for his vehicle at the time of his arrest on or about January 26, 1996.

　　　c) Names several new individual defendants without authorization and despite his failure to bring suit against them within the two-year statute of limitations provided by Pennsylvania law

　　　d) Adds entirely new theories under the Racketeer Influenced and Corrupt Organization Act ("RICO"), which allegations are both time-barred and unsupported by the facts alleged

　　　e) fails to identify any action of these defendants or any City of Erie defendant which caused the destruction of his vehicle, which the Third Circuit identified as the only allegation of his action not time-barred because of his more recent discovery of the destruction, as opposed to his allegations

of unlawful seizure which were filed too late.

WHEREFORE these defendants demand that the complaint be dismissed either under Rule 12 (b) (6) or that Summary Judgment be granted under Rule 56 of the Federal Rules of Civil Procedure.

Respectfully Submitted

OFFICE OF CITY SOLICITOR

By: <u>Gerald J. Villella, Esq.</u>
    Gerald J. Villella, Esquire
    PA ID #32814
    626 State Street, Room 505
    Erie, PA 16501
    (814) 870-1235