IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WARREN DURHAM JR.<br>      Plaintiff | : CA. NO. 02-82-ERIE<br>:<br>: |
| v. | : JUDGE COHILL |
| JAMES D. WASHBURN, individually, in<br>his capacity as a police officer for the City<br>of Erie; DOMINIC DILULLO, individually<br>in his capacity as police officer for the City<br>of Erie; WEST END AUTO BODY, INC;<br>CITY OF ERIE and others not known<br>presently to the Plaintiff, | : MAGISTRATE JUDGE BAXTER<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

**BRIEF IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT**

**FACTS AND PROCEDURAL HISTORY**

This action was originally filed in March of 2002 by Plaintiff from state prison confinement for a 1996 conviction in Erie County Common Pleas court for rape and related offenses alleged to have taken place in January of 1996. He sought damages for the seizure of his automobile by Erie police at the time of arrest. He had been seeking the return of the vehicle since 1997, but was not aware until September of 2000 that the car had been destroyed in 1996 by defendant West End Auto Body, a contracted towing service of the City of Erie, as part of its disposal of unclaimed vehicles. A Motion to Dismiss the action was granted by Judge Sean McLaughlin on March 28 2003, and Plaintiff appealed to the Third Circuit, which by memorandum opinion and order of December 2, 2003, affirmed the dismissal as to the seizure of the vehicle itself on statute of limitations grounds, but reinstated the claim related to the vehicle's destruction on the basis of the inability of Plaintiff to have known this fact prior to September of 2000. Plaintiff petitioned the United States Supreme Court for certiorari, which was ultimately denied on October 4, 2004.

In the interim, Plaintiff won a retrial on his criminal charges, and in 2004 was acquitted.

He then filed a "Motion to Supplement Complaint" in June 2004 in which he referenced the existence of a Pennsylvania criminal investigation regarding the disposal of towed vehicles by Defendant West End and other individuals, including a City of Erie police officer. He sought to add allegations of "mail fraud under 18 U.S.C. 1341 and wire fraud under 18 U.S.C. 1343 against defendants" and alluded to unnamed "additional defendants, however, not conclusive."

By order of the Magistrate Judge on September 3, 2004, Plaintiff was permitted to supplement his complaint, but prohibited from including "claims related to the search and seizure of his vehicle, as such claims were previously dismissed by this court, and such dismissal was affirmed by the Third Circuit Court of Appeals."

**ARGUMENT**

Plaintiff's Amended Complaint filed on or about July 18, 2005, received by the Office of City Solicitor on July 20, 2005, is significantly in violation both of the Court's specific authorization of supplemental allegations as well as more general requirements of law governing the permissibility of amendments which relate back to the date of the original complaint.

The Amended Complaint adds several new named defendants, none of which is properly added. As to City of Erie defendants, he designates "John Doe Badge No. 46" and "John Doe Badge No. 160" and officer Mark Sanders. He accuses each of these defendants, and the other newly-named individuals, along with the existing defendants, of the unreasonable *search, seizure and removal* of his property, the vehicle, allegedly in violation of the Racketeer Influenced and Corrupt Organization Act, 18 U.S.C. 1961-1968, the Mail Fraud and Wire Fraud statutes, 18 U.S.C. 1341 and 1343. He does not isolate the destruction of the vehicle, or even identify it as a particular item of damages.

The attempt to add more individual defendants is improper under Rule of Civil Procedure 15(c) standards for amendments which "relate back" to the original pleading despite statute of limitations problems. Such amendments may "relate back" only when:

(1) relation back is permitted by the law that provides the applicable statute of limitations; (2) the claim ….arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading; (3) the amendment changes the party or the naming of the party against whom a claim is asserted if ….(2) is satisfied and, within the period provided by Rule 4(m)…the party…..(A) has received such notice….that the party will not be prejudiced in maintaining a defense…and (B) knew or should have known that, but for a mistake….the action would have been brought against the party. The Supreme Court has interpreted the relation back doctrine regarding plaintiff's attempt to amend a complaint after the statute has run as a four-factor test, all of which must be satisfied—*Schiavone v. Fortune* 477 U.S. 21, 29 (1986).

The requirement that there has to have been a "mistake" is separate from the notice requirement to the prospective new party—*King v. One Unknown Federal Correction Officer* 201 F.3d 910 (7th Cir. 2000). The *King* decision affirmed the dismissal of an attempt to name a new defendant previously identified only as a John Doe, because Plaintiff's failure to learn the identity of the party was not a "mistake" under Rule 15 (c) (3). Furthermore, the Third Circuit, in *Green v. Robinson* 112 F.App.165 (2004), notes that the Rule 15 (c) (3) standards, rather than (c) (2) for adding a new claim, apply when seeking to add a new party after the limitations period who was either not named at all or was named as a Doe in the original pleading.

The Plaintiff here has done nothing more than read newspaper accounts of criminal charges filed by the Pennsylvania Attorney General in late 2003 against the proprietor and employees of West End Auto Body, as well as Officer Mark Sanders and former police officer

David Bagnoni. Those charges, which encompassed an alleged conspiracy to obtain fraudulent salvage titles to various vehicles towed by West End in order to *sell* them for profit are difficult to associate with the fate of Plaintiff's vehicle, which was *destroyed* rather than sold, by West End in 1996; as it was truly without value other than scrap, being a 14-year-old Buick of no unusual character or quality.

The aforesaid criminal charges, announced by former Attorney General Mike Fisher in December 2003 with much fanfare and publicity as a felonious enterprise, were resolved against all defendants in April of 2004 by being reduced to Misdemeanor charges, and, more pertinently, resolved by the acceptance of all defendants into the Accelerated Rehabilitative Disposition system of Pennsylvania. Mark Sanders, in particular, was placed on ARD for a 15-month period and assessed a cost of $433.00. (copies of Criminal Information, ARD approval and Order, and ARD disposition attached). Sanders and the other defendants will be able to have their arrest record expunged at the end of the ARD period.

The Commonwealth essentially agreed that its charges were dubious in nature, and that, rather acting with than felonious intent, Sanders and the others may have committed technical violations of motor vehicle record-keeping laws in an effort to resolve a backlog of towed, unclaimed vehicles on West End's lot.

Nothing in this series of events, or in the facts previously known to and asserted by Plaintiff, places Sanders or the other newly-named defendants in the position of one who "knew or should have known" that he was mistakenly excluded from the complaint. The only possible nexus between Sanders' criminal charges and Plaintiff's vehicle would have had to be included or alluded to in the Information or the Grand Jury Presentment preceding the charges.

The Presentment of the Seventeenth Statewide Investigating Grand Jury held proceedings

in 2001 regarding the disposal of towed vehicles at West End Auto Body. Specific testimony of Robert Kline, an Erie police officer, on July 18, 2001 establishes that Kline was signing the Pennsylvania Department of Transportation MV-952 forms (Police Request for Removal of Abandoned Vehicle) from the mid-1970's until 1996 or 1997, the later years at West End, when Plaintiff's vehicle was seized and disposed of. He stopped doing so after an interview with the Chief of Police, the Deputy Chief and a Captain, who expressed surprise that he had been signing such forms regarding vehicles already on the tower's lot. He stated that Mark Sanders began to sign the MV-952 forms for West End after he stopped doing so; that is, after Plaintiff's car had been destroyed (pp 17-19 of PDF Attachment)

In fact, Patrolman Robert Kline signed the MV-952 form for Plaintiff's vehicle on May 8, 1996; and Plaintiff has been aware of this since July 15, 2002, if not earlier; as the form was attached as Exhibit 3 to the Brief in Support of Motion to Dismiss of Defendants Washburn, DiLullo, City of Erie and Others filed and served that date. Mark Sanders did not sign the form, and had nothing to do with the destruction of Plaintiff's vehicle by West End.

Patrolman Kline's badge number, 160, is also clearly listed on the MV-952 form with his signature; and Plaintiff had no reason not to include him by name and/or badge number in his original or amended complaint, or, at the very latest possible date, on July 15 2004 if indeed he was not time-barred from asserting any allegations against Kline. If Kline's execution of the MV-952 form can be considered part of the destruction process, Rule 15 prohibits the late addition of him as a defendant merely because Plaintiff has decided to assert new legal theories after the statute has expired. If Plaintiff wanted to include Kline as a defendant for participating in the destruction of his vehicle, he should have done so long before the current attempt.

Plaintiff also seeks to add "John Doe Badge No. 46" to this action, a former detective

named Ben Preston, who executed the search warrant obtained by Defendant James Washburn on January 24, 1996. Again, this officer's signature and badge number have been known to Plaintiff probably from the date of his arrest in 1996, and certainly since a copy of the Search Warrant was attached as Exhibit 2 to the aforementioned Brief in Support of Motion to Dismiss filed and served July 15, 2002. There is no excuse for Plaintiff having failed to include Detective Preston in his original complaint, and Plaintiff should not be permitted to add this individual now, both because of the passage of time and because the only connection between Plaintiff and Detective Preston relates to the *seizure* of the car, not its destruction.

**THE RICO AND MAIL FRAUD CLAIMS SHOULD NOT RELATE BACK AGAINST THE CITY AND POLICE OFFICER DEFENDANTS**

The Supreme Court, in *Agency Holding Corp v. Malley-Duff & Associates, Inc.* 483 U.S. 143 (1987), set the R.I.C.O. limitations period at four years, analogizing it to the Clayton antitrust act and eschewing a potential 50 state limitations periods for RICO violations, due to the likelihood of multi-state conspiracies which would have differing limitations periods in each state where an action was filed. The Court also determined in *Rotella v. Wood* 528 U.S. 549 (2000), that the accrual of the civil RICO action is the point at which the claimant "discovers the injury," rejecting more generous theories in various circuits which would toll the claim at the point of "discovery of the injury and pattern" or, in the Third Circuit, the point of the "last predicate act" constituting the conspiracy, which could be many years after a Plaintiff's particular injury.

In this matter, the latest date on which Plaintiff "discovered the injury" of the destruction of his vehicle was in September of 2000. His attempt to make RICO allegations should, then, have been brought no later than September of 2004, but he has only raised them in his July 18,

2005 Amended Complaint. While Rule 15 (c)(2) allows amended claims or defenses to "relate back" to the original claim if based on the same transaction or occurrence, this is not an open-ended license for a Plaintiff to present entirely new theories or causes of action after the expiration of the limitations period—*Stevelman v. Alias Research Inc.* 174 F.3d 79 (2nd Cir. 1999).

Even if it can be argued that the original complaint provided sufficient notice to permit the relation back of RICO and mail fraud claims against the City of Erie and the original defendant police officers, Washburn and DiLullo, the state grand jury presentment relied upon by Plaintiff disestablishes any relationship between his vehicle's destruction and any City of Erie policy or policy-making official; which nexus is critical to establish a claim against a municipal government under the Civil Rights Act, 42 U.S.C. 1983, the framework in which the complaint must be analyzed.

The law determined by the Supreme Court regarding municipal and supervisory liability for the unconstitutional acts of subordinates may be summarized thusly: Generally, there is no *respondeat superior* liability simply because of the employment relationship-*Monell v. Dept of Social Services* 436 U.S. 658 (1978). In most circumstances, if the individual officer is found not liable for damages on qualified immunity grounds, the policymakers and municipality must also be absolved from liability for having caused or tolerated the particular actions found not to impose individual liability *Los Angeles v. Heller* 475 U.S. 796 (1986).

In situations where the individual officer is liable to the plaintiff for federal rights violations, the Court has required that there be a very clear, causal relationship between the unconstitutional act and the decision of a policymaker, or custom, policy or practice of the municipality to impose municipal liability–*City of Canton v. Harris* 489 U.S. 378 (1989); *Pembaur v. Cincinnati* 475 U.S. 469 (1986); *St. Louis v. Praprotnik* 485 U.S. 112 (1988). A municipality's liability under 42 U.S.C. 1981 may not be broader than its liability under Section 1983 *Jett v. Dallas Independent School District* 491 U.S. 701 (1989).

The Grand Jury presentment established the absence of any City of Erie policy or policymaking support for the allegedly unlawful practice of police executing the MV-952 forms at West End. Deputy Chief Steven Kovacs and Capt. David VanBuskirk specifically testified that the practice of officers such as Sanders executing the MV-952 forms on the site of the tow lot was not known or authorized by the Chief or the ranking officers of the Erie Police Bureau, and was halted in 1998 (Attachment, pp. 8-16). The Attorney General accepted these assertions as fact, as no City of Erie employee or official other than Mark Sanders was charged with any crime.

**CONCLUSION**

Plaintiff's attempt to add new defendants to his Amended Complaint should be dismissed, and the complaint itself should be dismissed as to the City of Erie and Mark Sanders, who had nothing to do with the destruction of his vehicle after its lawful seizure,

9

which destruction is the only viable claim remaining in this action.

      Respectfully Submitted,

                OFFICER OF ERIE CITY SOLICITOR

                By:s/<u>Gerald J. Villella, Esq.</u>
                    Gerald J. Villella, Esquire
                    ID 32814
                    626 State Street, Room 505
                    Erie, PA 16501
                    (814) 870-1230