IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WARREN DURHAM JR., | ) | CIVIL ACTION |
| Plaintiff | ) | NO. 02-82 ERIE |
| V. | ) | |
| | ) | District Judge Cohill |
| JAMES D. WASHBURN, | ) | Magistrate Judge Baxter |
| ET AL.           Defendants. | | |

**PLAINTIFF'S OBJECTION TO MOTION**
**TO DISMISS AMENDED COMPLAINT**

COMES NOW, Warren Durham Jr., Plaintiff moving pro se and files the following Objection to Motion to Dismiss Amended Complaint pursuant to Fed.R.Civ.P. 12(b)(6), and Rule 56, in support thereof states as follow:

1. Disagree.

2. Disagree.

3. Disagree.

4. Disagree.

5. Disagree.

WHEREFORE, the Plaintiff respectfully request that his action move forward.

Respectfully submitted,

*/s/ Warren Durham Jr.*
WARREN DURHAM JR.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WARREN DURHAM JR., | ) | CIVIL ACTION |
| Plaintiff | ) | NO. 02-82 ERIE |
| V. | ) | |
| | ) | District Judge Cohill |
| JAMES D. WASHBURN, | ) | Magistrate Judge Baxter |
| ET AL.   Defendants. | | |

### CERTIFICATE OF SERVICE

I, Warren Durham Jr., hereby verify that I have mailed a true and correct copy of "Plaintiff's Objection to Motion to Dismiss Amended Complaint" to the persons named below by FIRST CLASS MAIL, postage prepaid, to:

Gerald J. Villella, Esq.
626 State Street
Erie, Pa. 16501

David G. Ridge, Esq.
246 West Tenth Street
Erie, Pa. 16501

*Warren Durham Jr.*
WARREN DURHAM JR.
12119 MATHERSON AVE.
CLEVELAND, OH. 44135

DATED: Sept. 9, 2005

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WARREN DURHAM JR., | ) | CIVIL ACTION |
| Plaintiff | ) | NO. 02-82 ERIE |
| V. | ) | |
| | ) | District Judge Cohill |
| JAMES D. WASHBURN, | ) | Magistrate Judge Baxter |
| ET AL. Defendants. | | |

### PLAINTIFF'S MEMORANDUM
### IN SUPPORT OF HIS OBJECTION

A motion to dismiss pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6) must be denied unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claims that would entitle him to relief. A 12(b)(6) motion is directed to the face of the complaint, is not favored, and should be granted sparingly and with caution only where it appears to a certainty that no set of facts could be proven at trial entitling a Plaintiff to relief. See: Hassoun v. Climmino, 126 F.Supp.2d 353 (D.N.J.2000) ; Conley v. Gibson, 78 S.Ct. 99 (1975).

Summary judgment may be granted where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matte of law. Fed.R.Civ.P. 56. The evidence, together with all inferences to be drawn therefrom, must be read in the light most favorable to the party opposing the motion. Brown v. Muhlenberg TP., 269 F.3d 205 (3rd Cir.2001).

### STATEMENT OF THE FACTS

On the morning of January 23, 1996, at approximately 6:15 a.m. while Plaintiff was at his home, Defendant Erie police knocked on the door and was admitted in by Plaintiff. The Defendants inquired as to the owner of the Oldsmobile parked in front of Plaintiff's home. Upon responding that the car was his, Plaintiff was arrested.

While in custody at the Erie police station, Plaintiff was instructed to relinquish the keys to his car. Defendants thereafter seized Plaintiff's car, towed it to the City Hall parking lot.

On January 26, 1996, Plaintiff's car was subsequently seized by Defendants, removed

from City Hall parking lot and transported to West End Auto Body,Inc. ("WEST END") where Defendants conducted further illegal searches, removed Plaintiff's property and it is alleged that the car was destroyed in a crushing machine.

## **EQUITABLE TOLLING DOCTRINE**

The Defendant assert in their motion to dismiss that the Plaintiff has failed to file his civil rights action within the applicable two-year statute of limitations. However, the Defendants are mistaken.

It is clear that federal courts use the limitation period for personal injury standard under Pennsylvania law, applying a two-year statute of limitations to a claim under Section 1983. Phillips v. Heydt, 197 F.Supp.2d 207 (E.D.Pa.2002).

Though these limitation periods generally apply, the Court has recognized that they cannot be applied in all situations. Where a plaintiff has difficulty identifying precisely when the illegal conduct occurred or a violation is "continuous and ongoing," the filing requirement, is subject to waiver, estoppel, and equitable tolling. Zipes v. Trans World Airlines, Inc., 102 S.Ct. 1127 (1982).

To demonstrate a continuing violation, the plaintiff must show that: (1)at least one discriminatory act occurred within the statutory period, and (2)the conduct was part of an ongoing pattern. Phillips, at 218. See,e.g., Lake v. Arnold, 232 F.3d 360 (3rd Cir.2000)(federal courts may toll statutes of limitations for federal laws where the plaintiff "in some extraordinary way has been prevented from asserting his or her rights.")

In the case *sub judice*, the appropriate factual circumstances which support a tolling of the two-year statute of limitations applicable to Defendant Erie, et al. is the **newly discovered evidence** received by Plaintiff on May 17, 2004. This **newly discovered evidence** is in the form of a newspaper article, dated May 10, 2004.

Specifically, the Erie Times' News reported that Erie police and other co-defendants were accused of vehicle-title fraud in a criminal matter. Subsequently, the Defendants pled guilty to tampering with public records in plea agreements. Additional civil actions were agreed upon.

It cannot be disputed that this **newly discovered evidence** of fraud and public record

2.

tampering demonstrated an Organized Enterprise of which the sole purpose was to deprive individuals, such as Plaintiff, of property in which to enrich themselves.

Moreover, the **newly discovered evidence** clearly demonstrate that Defendants conspired with other Defendants to violate Plaintiff's constitutional rights when illegally "seizing" his vehicle and other property ... allegedly destroying the said property. A review to APPENDAGE "A" attached to City of Erie's motion to dismiss amended complaint, demonstrate the methodology employed by Defendants to "seize" victim's property.

In defining **newly discovered evidence**, courts have consistently held that the evidence must have been in existence at the time of trial. Fed.R.Civ.P. 60(b)(2). To succeed in opening a judgment pursuant to Rule 60(b)(2), "the evidence must have been discovered and the failure to learn must not have been caused by lack of diligence." Husdon's Bay Company Fur Sales, Inc. v. American Legand Cooperative, C.A. No. 86-2899 (N.J.1987). Furthermore, the **newly discovered evidence** must be "material to the issues involved, yet not merely cumulative or impeaching and must be of such a nature that it would probably change the outcome." (citing United States v. Meyers, 484 F.2d 113,116 ($3^{d}$ Cir.1973)

It is obvious that Defendants cannot escape liability for constitutional wrong-doing and violating federal law.

## ILLEGAL SEARCH AND SEIZURE

The Due Process Clause of the Fourteenth Amendment prohibits the State from depriving any person of property without due process of law. Dusenbery v. U.S., 122 S.Ct. 694 (2002). Individuals whose property interests are at stake due to governmental actions are entitled under due process clause to notice and an opportunity to be heard. The Dusenbery Court held this notice was constitutionally defective as to known persons whose whereabouts were also known, because it was not "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." See,e.g., Mullane v. Central Hanover Bank & Trust Co., 70 S.Ct. 652 (1950)(noting that the mails are recognized as an efficient and inexpensive means of communication).

The Plaintiff does not contest the right of the State to have seized his car in the first

3.

instance on January 23, 1996. The Defendant officers properly seized Plaintiff's car in terms of the facts and circumstances sufficient to warrant a prudent person in believing the Plaintiff had committed or was committing an offense. See: <u>Gerstein v. Pugh</u>, 95 S.Ct. 854,862 (1975).

However, the Plaintiff does complain that the Defendant officers acted unreasonable when after 3-days, they alone with Defendant West End "seized" Plaintiff's car from the City Hall parking lot without a valid warrant from a neutral magistrate and took it to West End's lot on January 26, 1996.

According to the search warrant applied for on January 23, 1996, which a search was conducted January 24, 1996, and property was "seized," ... expired that search warrant and Plaintiff should have had notice of any further action concerning his property. The warrant itself demonstrated that Plaintiff's whereabouts were known including his home address.

Even when the States's interest is sufficiently compelling to justify a warrantless seizure that is minimally intrusive the seizure will be unreasonable if it is disproportionately intrusive. While the State's interest in drug interdiction, for example, is sufficient to render reasonable a brief but warrantless detention of suspicious luggage for a canine "sniff," such detention for ninety minutes constitutes an unreasonable "seizure" under the Fourth Amendment.

## NEW DEFENDANTS

In the Plaintiff's Motion to Supplement Complaint (Document #31), and based on **newly discovered evidence**, the Plaintiff did request and receive permission from the Court to add new Defendants.

## RICO CLAIMS

The accrual of civil RICO action is the point at which the claimant "discovers the injury." <u>Rotella v. Wood</u>, 528 U.S. 549 (2000). In this regard, as noted above, Plaintiff's **newly discovered evidence** is based on a newspaper article dated May 10, 2004, published by the Erie Times' News and reported that Defendants were accused of vehicle-fraud in a criminal matter before the Erie County Court. Subsequently, the Defendants pled guilty to tampering with public records in plea agreements. Additional civil actions were agreed upon.

4.

Moreover, "under the modern federal rules [of civil procedure], it is enough that a complaint put the defendant on notice of the claims against him. It is the function of discovery to fill in the details, and of trial to establish fully each element of the cause of action." Rose v. Bartle, 871 F.2d 331 (3rd Cir.1989)(quoting Seville Indus. Mach. Corp. v. Southmost Mach. Corp., 742 F.2d 786,790 (3d Cir.1984)(reversing district court's dismissal of RICO count).

In considering the finding of fact by the Seventeenth Statewide Investigating Grand Jury and Trooper Peter Harvey, Trooper Jay McKee and various others that gave testimony before the Grand Jury, the Plaintiff is satisfied that the methodology employed by Defendants was the same used in "seizing" and (alleged) destruction of Plaintiff's car and other property.

According to APPENDAGE "A" attached to Defendant City of Erie's Motion to Dismiss Amended Complaint, Trooper McKee in reviewing the testimony of Deputy Chief Steven Kovacs given before the Fourteenth Statewide Investigating Grand Jury, that the City of Erie began experiencing problems with its towers/salvors in the late 1980s. As a result stringent requirements were put in place, only two salvors were then used ... West End Auto and Bizzarros.

This new manual required that all police initiated tows, with the exception of abandoned vehicles, were mandated to "notify" the last registered owners, the location of the vehicle and how it could be retrieved. Defendants do not dispute that Plaintiff never received the notice requirement that satisfy due process concerns. Dusenbery,supra.

Defendants herein assert that the Grand Jury presentment established the absence of any City of Erie policy or policymaking support for the unlawful practice of police executing the MV-952 forms. That the practice of Defendant officers was not known or authorized. Although, and admittedly Deputy Chief Kovacs and Capt. VanBuskirk (service operation sergeant from February 1994 through February 1996), became aware around October of 1998 that off duty police were illegally signing MV-952s after vehicles had been towed to West End and Bizzarros' lots. In addition, David Bagnoni, a former police officer, had signed the MV-952 forms. The words "Erie Police Department" were rubber stamped on the forms, indicating it was the police authorizing the vehicle to be declared abandoned. Moreover, police were allegedly receiving $25.00 for each MV-952 form they signed.

5.

It must be noted that on or about July 23, 2002, the Plaintiff filed an Motion to Amend to add new Defendants based on Defendant's Brief in Support of its Motion to Dismiss. The Exhibits attached to said motion revealed police officer Badge No. 160 (identified now as police officer Robert Kline) whom testified that he began signing MV-952 forms in the mid-1970's. That he began signing MV-952 forms for Dan Strong at West End in the late 1980s and continued doing so until 1996.

In <u>Monell v. Department of Social Services</u>, 436 U.S. 658 (1978), the Court established that municipalities are "persons" subject to suit for section 1983 purposes, however, the resulting liability is not with out limits. Unless the plaintiff can demonstrate the existence of an affirmative policy of the type at issue in <u>Monell</u>, the plaintiff must assert that the municipal defendants followed an unconstitutional custom.

The Third Circuit has articulated the difference between section 1983 liability based on policy and section 1983 liability based on custom as follows: *policy is made when a decision maker possessing final authority to establish municipal policy with respect to the action, issues an official proclamation, policy, or edict. A course of conduct is considered to be a custom when, although not authorized by law, such practices are so permanent and well settled as to virtually constitute law.* <u>Andrews v. City of Philadelphia</u>, 895 F.2d 1469 (3d Cir.1990). While a plaintiff does not have the burden of identifying a single individual who established a given policy, he must identify a particular practice that is ***"so permanent and well-settled as to have the force of law."*** <u>Turner v. City of Philadelphia</u>, 22 F.Supp.2d 434 (E.D.Pa.1998).

It cannot be disputed such illegal practices as demonstrated above are certainly well-settled as to have the force of law.

## **DESTRUCTION OF VEHICLE**

Indeed, the Defendant City of Erie through its own investigation made Plaintiff aware that his 1984 Oldsmobile was alleged destroyed in September of 2000. It has been clearly demonstrated from the record that these Defendants were a part of an insidious conspiracy that systematically deprived individuals, such as Plaintiff, of property in which to illegally enrich themselves.

Wherefore, the Plaintiff respectfully request that his action move forward.

Respectfully submitted,

*Warren Durham Jr.*
WARREN DURHAM JR.