IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WARREN DURHAM JR., ) | C.A. NO. 02-82 ERIE |
| Plaintiff ) | |
| V. ) | District Judge Cohill |
| ) | Magistrate Judge Baxter |
| JAMES D. WASHBURN, ) | |
| ET AL. Defendants. | |

## OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

On December 5, 2005, the Plaintiff received from the Chief Magistrate Judge Susan Paradise Baxter the Report and Recommendation in regard to a civil rights action pursuant to 42 U.S.C. Section 1983 filed by Plaintiff claiming that his constitutional rights were violated by Defendants.

The Magistrate Judge is recommending that the Motion to Dismiss filed by Defendant West End Auto Body, Inc. be treated as one for summary judgment and disposed of as provided in Fed.R.Civ.P. 56.

## STATEMENT OF THE FACTS

On January 23, 1996, Defendant police officers seized Plaintiff's 1984 Olds, towed it to Erie's City Hall and illegally searched the interior and trunk area of the auto. Subsequently, the officers transported the auto to West End on January 26, 1996, at which time another search was conducted and Plaintiff's property was removed. It is further alleged that Plaintiff's car was destroyed in a crushing machine.

## OBJECTIONS

### A. RICO Claims:

The Magistrate Judge acknowledges that Plaintiff's RICO claims relate back to the original complaint and against the Defendants named therein pursuant to Fed.R.Civ.P. 15(c)(2), and not

barred by the four-year statute of limitations. However, with regard to the newly discovered Defendants, Rule 15(c)(3) must be met before Plaintiff's new claims may be found to relate back to the original complaint. The Magistrate Judge further note that Rule 15(c)(3) notice does not require actual service of process on the party sough to be added; notice may be deemed to have occurred when a party who has some reason to expect his potential involvement as a defendant hears of the commencement of litigation through some informal means. Singletary v. Pennsylvania Dept. of Corrections, 266 F.3d 186,195 (3d Cir.2001).

Nevertheless, the Magistrate Judge reasons, despite the appearance entered by the Erie City Solicitor on behalf of any John Doe defendants who are officers, employees or agents of the City of Erie that the Plaintiff has failed to allege or demonstrate that there was shared representation or communication between the Solicitor and these Defendants. Although it is the function of discovery to fill in the details. Rose v. Bartle, 871 F.2d 331 (3rd Cir.1989). It seems clear, by virtue of the Solicitor's action, that he gave proper notice to Defendants as is his responsibility. Additionally, it must be considered that on July 26, 2002, the Plaintiff filed a Motion to Amend to include police officers Badge No. 46 and Badge No. 160 as Defendants. Prior to that "Erie Defendants" on June 28, 2002, acknowledged they had been served the complaint and filed their motion to dismiss. (See: R&R at p.3)

With regard to newly-named Defendants Dan Strong, Christopher Strong, Julie A. Grehl and Bagnoni, the Plaintiff supplemented his original complaint pursuant to Fed.R.Civ.P. 60(b)(2). The newly discovered evidence of fraud and public record tampering demonstrated an Organized Enterprise of which the sole purpose was to deprive individuals of property in which to enrich themselves. (See Document #35, Supplemental Appendix)

The Plaintiff is persuaded that when the Third Circuit Court of Appeals affirmed the dismissal of the search and seizure claims against Defendants in the original action, the Court was not in contact with the newly discovered evidence, which evidence support Plaintiff's amended complaint. (See Document #31) The applicable statute of limitations in this instance , began to accrue when the Plaintiff discovered the *convicted* Defendants and their method of operations published by the Erie Times' News on May 10, 2004. There is no justifiable reason to exclude the

newly-named Defendants.

In defining newly discovered evidence, courts have consistently held that the evidence must have been in existence at the time of trial. Fed.R.Civ.P. 60(b)(2). To succeed in opening a judgment pursuant to Rule 60(b)(2), the evidence must have been discovered and the failure to learn must not have been caused by lack of diligence. Hudson's Bay Company Fur Sales, Inc. v. American Legend Cooperative, C.A. No. 86-2899 (N.J.1987). Furthermore, the newly discovered evidence must be of such a nature that it would probably change the outcome.

Moreover, considering that the Magistrate Judge has converted the motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) to a motion for summary judgment pursuant to Rule 56, the Plaintiff should be allowed an opportunity for appropriate discovery before summary judgment is entered for Defendants. See,e.g., Greer v. Smith, 2003 WL 1090708, 1 (3d Cir.2003) ; Salahuddin v. Coughlin, 993 F.2d 306 (2d Cir.1993)(a court should not grant summary judgment against a party who has not had an opportunity to pursue discovery or whose discovery requests have not been answered).

## CONCLUSION

For all the reasons stated above, the Plaintiff respectfully request that relief be granted in his behalf.

Respectfully submitted,

_Warren Durham Jr._
WARREN DURHAM JR.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WARREN DURHAM JR., | ) | C.A. NO. 02-82 ERIE |
| Plaintiff | ) | |
| V. | ) | District Judge Cohill |
| | ) | Magistrate Judge Baxter |
| JAMES D. WASHBURN, | ) | |
| ET AL.   Defendants. | | |

### CERTIFICATE OF SERVICE

I, Warren Durham Jr., hereby verify that I have mailed a true and correct copy of foregoing "Objection to Magistrate Judge's Report and Recommendation" to the persons named below by FIRST CLASS MAIL, postage prepaid:

David G. Ridge, Esq.
246 West Tenth Street
Erie, Pa. 16501

Gerald J. Villella, Esq.
626 State Street
Erie, Pa. 16501

*/s/ Warren Durham Jr.*
WARREN DURHAM JR.
12119 MATHERSON AVE.
CLEVELAND, OH. 44135

DATED: 12/12/05