IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WARREN DURHAM JR., | ) | C.A. No. 02-82 ERIE |
| Plaintiff | ) | |
| V. | ) | District Judge Cohill |
| | ) | Magistrate Judge Baxter |
| JAMES D. WASHBURN, | ) | |
| ET AL.          Defendants. | | |

FILE[D]

'06 JUL 17 P:

CLERK
U.S. DISTRICT CO[URT]

### PLAINTIFF'S PRETRIAL MEMORANDUM

Plaintiff, Warren Durham Jr., hereby submit his Pretrial Memorandum pursuant to Western District Court's local Rules.

### JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C. Sections 1331 and 1334.

### CAUSE OF THE ACTION

Plaintiff commenced this action against Defendants pursuant to 42 U.S.C. Section 1983. This action resulted from the denial of constitutional right to due process of law; and destruction of property.

### STATEMENT OF THE FACTS

On the morning of January 23, 1996, Defendant police officers seized Plaintiff's 1984 Oldsmobile, towed it to Erie's City Hall and searched the interior and trunk area of the vehicle.

The Defendant police officers violated the law as it relates to Pa.R.Crim.P. 2008 and 2009 et seq. i.e. Copy of Warrant; Receipt for Seized Property and Return with Inventory. Subsequently, the Defendants transported the auto to West End Auto Body, Inc. on January 26, 1996, at which time another search was conducted. It is further alleged that in October of 1996 Plaintiff's car was destroyed in a crushing machine by West End after obtaining a salvage title

claiming the vehicle was abandoned.

On May 17, 2004, Plaintiff received newly discovered evidence contained in a newspaper article that Defendant West End, owner Daniel Strong, Christopher Strong, Julie A. Grehl and others were accused of vehicle-title fraud in a criminal matter. Subsequently, pleading guilty to lessor charges in a plea agreement.

The Defendants avers that no deprivation of any federal rights under color of law can be attributed to them. However, the Due Process Clause of the Fourteenth Amendment prohibit the state from depriving any person of property without due process of law.

West End, a salvor, is engaged in the business of acquiring abandoned vehicles for various purposes, including junking them, selling their parts or rebuilding and reselling the entire vehicle. The record reflect that West End's real business consist of obtaining vehicles through scams and outright taking, with the assistance of Defendants City of Erie and its police officers.

Chapter 253 of the Motor Vehicle Code sets out procedures for salvors; allows police to remove a vehicle if the vehicle is evidence in a crime. However, vehicle removed under the evidence conditions are not considered abandoned, and are not to be disposed of as such. Additionally, a MV-952 form must be given to the salvor and accompany the vehicle; then submitted by the salvor to PennDOT within 48-hours. West End fraudulently obtained a salvage title to the Plaintiff's vehicle. The Plaintiff asserts that his property, like that of many other victims, was systematically taken by Defendants to illegally enrich themselves.

On June 20, 2006, a settlement conference was held before arbiter Magistrate Judge Baxter. However, the matter could not be resolved.

## DAMAGES

The Plaintiff seeks compensatory damages of $25,000. According to the January-March 1996 issue of the <u>Older Car Red Book</u>, an official guide for used car valuations, Plaintiff's 1984 Oldsmobile Delta 88 Royale was worth approximately $2,500 in January of 1996. At the time of its seizure, the vehicle was in good condition.

In addition to the car, a large amount of Plaintiff's personal belongings were inside the

vehicle. These items were either destroyed along with the vehicle by West End or removed without any records to track their whereabouts. The items in the car included: two men's suits, one man's dress coat, 2 pairs of men's dress shoes, a two-piece luggage set, a briefcase containing important papers and documents, including old medical records that will be difficult to replace, classic blues tapes and other personal effects. The approximate value of these items in January of 1996 was $22,500.

In addition to the $25,000 in compensatory damages for the alleged destroyed vehicle and other personal property, the Plaintiff is asking for an additional $75,000 in punitive damages. Unlike compensatory damages, punitive damages operates as "private fines" intended to punish the Defendants and to deter future wrongdoing.

## PROPOSED WITNESSES

The Plaintiff may subpoena the following witnesses:

Fred. P. Anthony
Erie County Judge

Rachael Drake

Any and/or all of Defendant's witnesses.

The Plaintiff reserve the right to amend this list at or prior to trial.

*Warren Durham Jr.*
WARREN DURHAM JR.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WARREN DURHAM JR., | ) | C.A. No. 02-82 ERIE |
| Plaintiff | ) | |
| V. | ) | District Judge Cohill |
| | ) | Magistrate Judge Baxter |
| JAMES D. WASHBURN, | ) | |
| ET AL.    Defendants | | |

### CERTIFICATE OF SERVICE

I, Warren Durham Jr., hereby certify that I am this day serving a true and correct copy of the foregoing "Plaintiff's Pretrial Memorandum" upon the person named below by FIRST CLASS MAIL, postage prepaid, to:

Gerald J. Villella, Esq.
626 State Street
Erie, Pa. 16501

David Ridge, Esq.
246 West Tenth Street
Erie, Pa. 16501

/s/ Warren Durham Jr.
WARREN DURHAM JR.
12119 MATHERSON AVE.
CLEVELAND, OH. 44135

DATED: 7/13/06

