# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WARREN DURHAM, JR., Plaintiff | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 02-82 ERIE |
| | : | |
| JAMES D. WASHBURN, et al., | : | District Judge Cohill |
| Defendants | : | Magistrate Judge Baxter |

## MOTION FOR SUMMARY JUDGMENT

**AND NOW,** comes the Defendant, WEST END AUTO BODY, INC., (hereinafter "West End") by and through its counsel, RIDGE & MCLAUGHLIN, and files the following Motion to Dismiss the Complaint and the Amended Complaint filed by the Plaintiff, Warren Durham, Jr., (hereinafter "Durham"), and in support thereof, states as follows:

**A.    Relevant Procedural History**

1.    On or about March 14, 2002, the plaintiff, Warren Durham, Jr., filed a Civil Complaint, primarily under Title 42 U.S.C. §1983 against various defendants, including this defendant, West End Auto Body, Inc.

2.    Subsequent to the filing of the Complaint, a Motion to Dismiss was filed by the defendants, including West End.  Thereafter, the Motions to Dismiss were granted by the District Court.  Subsequently, Durham filed an appeal to the Third Circuit Court of Appeals which affirmed the Order granting the Motion to Dismiss in part and reversed it in part.

3.    The Third Circuit's Judgment dated December 2, 2003 permitted Durham to proceed with a specific claim against the defendants which directly involved the destruction of an Oldsmobile motor vehicle which Durham allegedly owned as of January 23, 1996.   Apparently, Durham was also permitted to proceed with regard to the portion of his claim for damages involving

contents of said vehicle also.

4. Subsequently, Durham filed an Amended Complaint bringing forth new causes of action against the initial defendants, as well as new causes of actions against new defendants. Motions to Dismiss the Amended Complaint were then filed by the defendants, including West End.

5. On or about November 30, 2005, the Honorable Susan Paradise-Baxter, Chief United States Magistrate Judge, granted the Motions to Dismiss in their entirety. However, Judge Baxter indicated that Durham's claim concerning the destruction of his vehicle would be allowed to proceed against West End, Washburn, DiLullo and the City of Erie.

6. Pursuant to motions to extend time filed by all parties, Chief United States Magistrate Judge Susan Paradise Baxter granted the parties until October 31, 2006 in which to file any dispositive pre-trial motions. This Motion for Summary Judgment hereby follows.

**B.   Motion for Summary Judgment: Failure to Produce any Evidence to Raise a Genuine Issue of Material Fact.**

7. As the above summary indicates, the only remaining claim upon which Durham may proceed against West End involves the alleged illegal destruction of his vehicle and its contents.

As the Court had indicated in its November 30, 2005 Opinion and Order:

> "None of the foregoing facts evidences any intent to deprive Plaintiff of his vehicle without proper notification. Nonetheless, Plaintiff claims that the VIN was altered to allow defendants to secure a salvage title to the vehicle. This claim raises a genuine issue of material fact that cannot be decided **at this stage of the proceeding.** Thus, Plaintiff's due process claim regarding the destruction of his vehicle should be allowed to proceed."
>
> November 30 Opinion, Page 18 (emphasis ours)

8. West End avers that the surviving claim against West End involving the destruction

of his vehicle is now ripe for determination. West End further avers that Durham has not brought forth any evidence, either by way of testimony, deposition, affidavit, exhibit or document, which supports his claim that the vehicle identification number was altered prior to West End securing a salvage title to the vehicle. Since no evidence whatsoever exists to support that bare and speculative allegation, a Motion for Summary Judgment must be granted. As this Court is fully aware, F.R.C.P. 56(c) allows for summary judgment to be granted if the "pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(e) further provides that,

> "where a motion for summary judgment is made and supported, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this Rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, a summary judgment, if appropriate, shall be entered against the adverse party."

9. Furthermore, Rule 56 "enables a party contending that there is no genuine dispute as to a specific, essential fact to demand at least one sworn averment of that fact before the lengthy process of litigation continues." *Schoch v. First Fidelity Bancorporation*, 912 F.2d 654, 657 (3d Cir. 1990), quoting *Lujan v. National Wildlife Federation*, 497 U.S. 871 (1990).

10. As is discussed in the Brief which is filed in support of this Motion for Summary Judgment, in order to impose liability under Section 1983 of the Civil Rights Act, a plaintiff must establish that as a result of the allegedly unconstitutional conduct, he sustained an actual injury or loss. However, plaintiff has been, and is unable to bring forth any facts which would support a claim of allegedly **unconstitutional** conduct.

11. The Motion for Summary Judgment should also be granted, since the plaintiff will

be unable to prove that he has been deprived of specific, articulable rights or privileges secured to him by the Constitution, statutes and laws of the United States and that it was the conduct of West End that was the cause of the deprivation. The plaintiff has merely stated conclusory allegations without support in support of his claim that a 1983 violation occurred. Moreover, since he has not shown that he was deprived of a right secured by the United States Constitution or laws of the United States **and** that he was subjected or caused to be subjected to constitutional deprivation by a person **acting under color of state law, 42 U.S.C.A. § 1983,** his claim must be dismissed and the Motion for Summary Judgment granted.

      **WHEREFORE,** the defendant, West End respectfully requests this Honorable Court to enter judgment in its favor and against the plaintiff Durham thereby dismissing the Amended Complaint and Complaint and thereby this action.

                                        Respectfully submitted,

                                        **RIDGE and McLAUGHLIN**

                                        BY:    s/David G. Ridge, Esquire
                                                  David G. Ridge, Esquire
                                                  246 West Tenth Street
                                                  Erie, Pennsylvania 16501
                                                  (814) 454-1010

                                                  Counsel for West End Auto Body, Inc.