IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WARREN DURHAM, JR.,** Plaintiff | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 02-82 ERIE |
| | : | |
| **JAMES D. WASHBURN, et al.,** | : | District Judge Cohill |
| Defendants | : | Magistrate Judge Baxter |

**BRIEF OF DEFENDANT WEST END AUTO BODY, INC.,
IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

**AND NOW,** comes the Defendant, WEST END AUTO BODY, INC., (hereinafter "West End") by and through its counsel, RIDGE & MCLAUGHLIN, and files this Brief in Support of the Motion for Summary Judgment setting forth in support thereof the following:

I. **GENUINE ISSUE FOR TRIAL**

As indicated in the Motion for Summary Judgment, it is averred that the only claim from the plaintiff's Complaint and Amended Complaint which survives the motions to dismiss the rulings of the Third Circuit Court of Appeals and this Honorable Court's rulings which pertain to West End involve the alleged illegal destruction of the plaintiff's vehicle and, theoretically, its contents. This Honorable Court previously summarized the plaintiff's claim with regard to that issue by stating: "nonetheless, Plaintiff claims that the VIN was altered to allow defendants to secure a salvage title to the vehicle. This claim raises a genuine issue of material fact that cannot be decided **at this stage of the proceeding**." (November 30 Opinion, Page 18)(emphasis ours).

However, as the Motion for Summary Judgment also indicates, although discovery has been completed, plaintiff is unable to point to any legitimate issue of fact which could support, even by

inference, the allegation that West End attempted to deprive the plaintiff of his vehicle without proper notification. Moreover, there is absolutely no evidence whatsoever to support plaintiff's claim that the VIN was **altered** so that the defendant could secure a salvage title to the vehicle. That insufficiency, combined with the fact that the plaintiff is unable to establish any allegedly unconstitutional conduct under color of state law by West End requires that the Motion for Summary Judgment be granted.

II.   **ARGUMENT**

It is acknowledged that the moving party (West End) has the initial burden of proving to the District Court the absence of evidence supporting the non-moving party's claims. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). However, Rule 56 allows the moving party to demand at least one sworn averment concerning those material facts germane to any **genuine** issue before the lengthy process of litigation continues. (See Motion for Summary Judgment, Paragraph 9). The burden shifts to the non-moving party to come forward with specific facts showing a genuine issue for trial, and requires that the non-moving party (Durham) present affirmative evidence, being more than a scintilla but less than a preponderance which supports the element of his claim to defeat a properly presented motion for summary judgment. *Williams v. Borough of Westchester*, Pa. 891 F.2d 458 (460-461)(3d Cir. 1989). The moving party must go beyond the pleadings (*Celotex*, 477 U.S. @ 322), and "does not allow a party resisting the motion to rely merely upon bare assertions, conclusory allegations or suspicions." *Firemen's Ins. Co. of Newark, N.J. v. DuFresne*, 676 F.2d 965, 969 (3d Cir. 1982).

Moreover, in order to establish a claim under 1983, the plaintiff must prove that he was deprived of specific, articulable rights and privileges secured by constitution, statutes and laws of

the United States and that the defendant's conduct was a cause of the deprivation. The plaintiff must set forth specific facts, and is not allowed to merely state conclusory allegations without further support. See, *German v. Killeen*, 495 F.Sup. 822, 828 (E.D. Mich. 1980).

Accordingly, plaintiff's claim must be terminated at this point **either** because he has failed to produce any evidence to indicate there is a genuine issue of material fact **or** because he has failed to state that West End participated, under color of state law, in any deprivation of a specific articulable right under the Constitution of the United States, especially since the plaintiff has merely stated conclusory allegations without support in the facts alleged.

Plaintiff's allegations that the defendant intentionally altered the VIN number so that a salvage title could be obtained remain merely conclusory and without any support in the record. Assuming for argument's sake only, that it was West End who was responsible for any misidentification of the VIN number (if that occurred), the plaintiff remains inconsistent even with his own evidence or documentation as to the specific identification of the vehicle and therefore cannot now allege that West End or any other party to the action was mistaken to the extent that a constitutional deprivation of his property occurred. (See Durham deposition pages 57-59 attached as Exhibit A).

The record developed in this case reveals that at all times relevant hereto, West End came into legal possession of the Oldsmobile Royale, two-tone blue four-door vehicle pursuant to a request from the City of Erie Police Department. Since the plaintiff cannot prove, and will not be able to prove that West End acted recklessly or intentionally with regard to any alleged alteration of VIN number or that West End violated any of the defendant's constitutional rights when it then obtained a salvor's title and destroyed the vehicle, the claim against West End must be dismissed in its entirety.

The record reveals that West End is a private corporation who, in the instant case, was acting specifically with regard to the contractual agreement entered into with the City of Erie with regard to towing and storage of automobiles that the City of Erie and/or the City of Erie Police Department designated for towing and storage. In this case, the Oldsmobile was towed and stored by West End pursuant to the directive of the City of Erie Police Department. As indicated previously, a salvor's title was eventually obtained and the vehicle was destroyed. However, at all times relevant hereto, West End was not acting under color of state law with regard to the original storage, or even the eventual obtaining of the salvor's title and destruction of the vehicle.

A plaintiff alleging a cause of action under a statute governing deprivation of civil rights under color of state law must prove that the defendant has deprived him of a right secured him by the Constitution or by the federal law and that the defendant so acted under color of state law. See, for example, *Riccobono v. Witpain Tp.*, 492 F.Sup. 1364 (E.D.Pa 1980); see also, *Kost v. Kozakiewicz*, 1 F3d 176 (C.A.3d Pa. 1993), (a plaintiff seeking to prove a violation of his 1983 rights is not relieved of the obligation to establish that the private party acted under color of state law). Moreover, to the extent that West End was acting at the direction of the City of Erie Police Department, at least initially with regard to the original towing and storage of the vehicle, the plaintiff's claim pursuant to 1983 must also be dismissed since a 1983 action may not rest upon *respondeat superior*, but rather must be based on governmental policy, practice or custom that causes injury. See *Thomas v. Zinkel*, 155 F.Sup 2d 408 (E.D.Pa 2001).

**III.    EXHIBITS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**.

West End respectfully requests that this Court adopt its review of the record as found at Pages 17 and 18 of its November 30, 2005 Report which states as follows:

> "The record in this case reveals that the vehicle seized on January 24, 1996, was identified on the search warrant by Defendant Washburn as a 1982 Oldsmobile Royale two tone blue four door bearing Ohio license number WOT-579, with VIN 1G3AN69Y4CM295148. (See Document #15, Exhibit 2). On January 26, 1996, Erie police submitted to West End a Request for Removal of Abandoned Vehicle, indicating that no record was found as to the ownership of the vehicle when the VIN was checked with the Pennsylvania Department of Motor Vehicles ("Pa.DMV"). (See Document #15, Exhibit 3). The vehicle was taken by West End and placed in storage. On April 19, 1996, West End received official notification from the Pa.DMV verifying that no record was found regarding ownership of a vehicle bearing VIN 1G3AN69Y4CM295148. (See Document #15, Exhibit 8). As a result, West End ran a classified advertisement referencing the same VIN asking the owner to claim the vehicle. (See Document #15, Exhibit 5). After no one claimed the vehicle, West End applied to the Pennsylvania Department of Transportation ("PennDOT") for a Salvor Title for an abandoned junk vehicle bearing the same VIN. (See Document #15, Exhibit 6). A "junk title" to the vehicle was subsequently issued by PennDOT to West End on July 3, 1996, and the vehicle was ultimately crushed on October 15, 1996 (See Document #15, Exhibits 7 and 8). Because Plaintiff was not identified as the owner of the vehicle, he did not receive prior notice of the abandonment process or the car's ultimate destruction."

It is averred that these facts, in and of themselves, fully support West End's request for relief.

**WHEREFORE,** it is respectfully requested that this Honorable Court grant the Motion for Summary Judgment filed on behalf of West End Auto Body, Inc., and against the plaintiff, Warren Durham, Jr.

    Respectfully submitted,

    **RIDGE and McLAUGHLIN**

    BY: s/David G. Ridge, Esquire
       David G. Ridge, Esquire
       246 West Tenth Street
       Erie, Pennsylvania 16501
       (814) 454-1010

    Attorney for West End Auto Body, Inc.