IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WARREN DURHAM JR.<br>Plaintiff | : CA. NO. 02-82-ERIE<br>:<br>: |
| v. | : |
| JAMES D. WASHBURN, individually, in his capacity as a police officer for the City of Erie; DOMINIC DILULLO, individually in his capacity as police officer for the City of Erie; WEST END AUTO BODY, INC; CITY OF ERIE and others not known presently to the Plaintiff, | : District Judge Cohill<br>: Magistrate Judge Baxter<br>:<br>:<br>:<br>:<br>:<br>: |

**BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT IN BEHALF OF DEFENDANTS WASHBURN, DILULLO AND CITY OF ERIE**

**FACTS AND PROCEDURAL HISTORY**

This action was originally filed in March of 2002 by Plaintiff from state prison confinement for a 1996 conviction in Erie County Common Pleas court for rape and related offenses alleged to have taken place in January of 1996. He sought damages for the seizure of his automobile by Erie police at the time of arrest. He had been seeking the return of the vehicle since 1997, but was not aware until September of 2000 that the car had been destroyed in 1996 by defendant West End Auto Body, a contracted towing service of the City of Erie, as part of its disposal of unclaimed vehicles. A Motion to Dismiss the action was granted by Judge Sean McLaughlin on March 28 2003, and Plaintiff appealed to the Third Circuit, which by memorandum opinion and order of December 2, 2003, affirmed the dismissal as to the seizure of the vehicle itself on statute of limitations grounds, but reinstated the claim related to the vehicle's destruction on the basis of the inability of Plaintiff to have known this fact prior to September of 2000. Plaintiff petitioned the United States Supreme Court for certiorari, which was ultimately

denied on October 4, 2004.

In the interim, Plaintiff won a retrial on his criminal charges, and in 2004 was acquitted. He then filed a "Motion to Supplement Complaint" in June 2004 in which he referenced the existence of a Pennsylvania criminal investigation regarding the disposal of towed vehicles by Defendant West End and other individuals, including a City of Erie police officer. He sought to add allegations of "mail fraud under 18 U.S.C. 1341 and wire fraud under 18 U.S.C. 1343 against defendants" and alluded to unnamed "additional defendants, however, not conclusive."

By order of the Magistrate Judge on September 3, 2004, Plaintiff was permitted to supplement his complaint, but prohibited from including "claims related to the search and seizure of his vehicle, as such claims were previously dismissed by this court, and such dismissal was affirmed by the Third Circuit Court of Appeals."

Plaintiff's amended complaint attempted to add a number of claims and several more defendants, based upon a widely-publicized Pennsylvania state prosecution of West End Auto Body principals and an Erie police officer for alleged conspiracy to falsify records and unlawfully transfer titles to vehicles towed by West End under the City of Erie contract. The court rejected this attempt, and re-emphasized that Plaintiff's sole claim relates to the destruction of his vehicle and any valuable contents by West End in April 1996; as claims regarding the seizure of it during his arrest in January of 1996 were time-barred.

Discovery took place between the parties, and the defendants file this Motion for Summary Judgment.

**ARGUMENT:**

Summary Judgment is available under Rule 56 if the moving party can show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Evidence must be viewed in the light most favorable to the non-movant, resolving conflicts in the non-movant's favor–*Big Apple BMW Inc. v. BMW of North America Inc.* 974 F. 2d 1358 (3rd Cir. 1992), *cert denied* 507 U.S. 912 (1993). Once the moving party demonstrates the absence of material fact, the non-movant, particularly one with the burden of proof at trial, must move beyond his pleadings to "make a showing sufficient to establish the existence of every element essential to his case, based on the affidavits or by depositions and admissions on file." *Harter v. GAF Corp;* 967 F. 2d 846 (3rd Cir. 1992); *Anderson v. Liberty Lobby Inc.* 477 U.S. 242, (1986).

I. **DEFENDANTS WASHBURN AND DILULLO ARE ENTITLED TO DISMISSAL ON GROUNDS OF QUALIFIED IMMUNITY**

As individual public officers, Defendants Washburn and DiLullo are entitled to the defense of qualified immunity from claims of the nature set forth by Plaintiff against them in their individual capacities, unless they have violated "clearly established statutory or constitutional rights of which a reasonable person would have known" If a reasonable officer could have believed that his or her conduct was lawful, in light of clearly established law and information in the officer's possession, qualified immunity acts to shield the officer from the entire process of litigation, not just ultimate liability. *Sharrar v. Felsing,* 128 F. 3d 810 (3rd Cir. 1997); *Mitchell v. Forsyth* 472 U.S. 511 (1983); *Harlow v. Fitzgerald* 457 U.S. 800 (1982).

**Neither Washburn nor DiLullo violated any principle of federal law in relation to the destruction of Plaintiff's vehicle; nor had any part in the destruction.**

When the vehicle owned or registered to Plaintiff was seized on January 24, 1996, it was logged on the search warrant by defendant Washburn as a 1982 Oldsmobile Royale two tone blue for door bearing Ohio Registration WOT-579, with VIN 1G3AN69Y4CM295148 (Exhibit 2 of Defendants' Brief in Support of Motion to Dismiss, Document 15, filed 7/15/2002). The police requested West End, a City-contracted tower, to take the vehicle from the City Hall parking lot on January 26, 1996, as the vehicle had been processed for evidence but was not, at that point, considered to be evidence. The form filled out by the City requesting the removal showed that there was no record found as of the ownership when the VIN was checked (Exhibit 3 of Document 15). No one in behalf of Plaintiff had inquired about the car or its contents, and West End placed it in storage. In June, West End ran a classified ad with the same VIN asking the owner to claim the car (Exhibit 4 of Document 15), after having received official notice from the Pennsylvania Department of Transportation that the owner of the vehicle with the VIN submitted could not be determined (Exhibit 5 of Document 15). West End applied to the Commonwealth of Pennsylvania Department of Transportation on June 27, 1996 for a Salvor Title for an abandoned junk vehicle, again submitting the same VIN (Exhibit 6 of Document 15), and a "junk title" issued on July 3, 1996 (Exhibit 7 of Document 15). A checklist kept by West End notes the crushing of the vehicle on October 15, 1996 (Exhibit 8 of Document 15), as referenced in the cover letter from West End on September 20, 2000 (Exhibit 9 of Document 15).

It is clear that, while the District Attorney may have considered the vehicle as evidence in any potential retrial of Plaintiff, the car was actually destroyed nearly six

years ago by West End through the abandoned vehicle process, with no prior notice to Plaintiff or the District Attorney because Plaintiff was not identified as the owner of a vehicle with the submitted VIN.

**The City transcribed the correct VIN on all documents**

In previous documents filed in this matter, it was postulated that an incorrect VIN of the vehicle may have been transcribed on the Search Warrant and carried through on the subsequent documents used by West End to obtain the junk title and destroy the vehicle. More recently, it has been established that, in fact, the VIN was correctly noted on all of these documents; and that a search of *Ohio* registered vehicles, rather than *Pennsylvania* registrations, would have revealed Plaintiff as the true owner with the identical VIN typed on the Search Warrant and all other documents, as well as confirming the vehicle's year as 1982, as listed on the Search Warrant, rather than 1984 as Plaintiff asserts (Exhibit 1 of the present Motion for Summary Judgment).

This official document of the Ohio Bureau of Motor Vehicles obliterates any remaining nexus between the actions of defendants DiLullo, Washburn or any City of Erie employee and the failure to identify Plaintiff as the owner of his vehicle prior to its destruction. If there is actually any legally cognizable claim under federal law for this error or omission, such would be the sole responsibility of Defendant West End, rather than any City of Erie actor.

**Negligent conduct is not cognizable under Section 1983**

The Supreme Court ruled in the 1989 decision in *DeShaney v. Winnebago County Department of Social Services* 489 U.S. 189, that the due process clause of the Fourteenth Amendment does not impose liability under the Civil Rights Act, 42, U.S.C. 1983, for the

5

merely negligent failure of a state actor to prevent harm to an individual, absent egregious conduct which actually creates the danger, such as to a person in the custody of the official. The Third Circuit, along with the other Circuits, has articulated the *DeShaney* rule in a number of decisions either denying liability or distinguishing *DeShaney* because the defendant had caused foreseeable harm by willful disregard of the safety of a plaintiff who was in some sort of custodial or other special relationship to the state officer: *Morse v. Lower Merron School District* 132 F.3d 902 (1997), *Kneipp v. Tedder* 95 F. 3d 1199 (1996); *Mark v. Borough of Hatboro* 51 F. 3d 1137, *cert denied* 116 S. Ct. 165 (1995).

While Plaintiff's vehicle was, in fact, seized by lawful process concurrent with his arrest in January 1996, its transfer to West End Auto Body for storage was the last time the City of Erie defendants had control of its disposition. Even if the City had failed to provide proper information or take some type of action with respect to the car while it was in storage, this arises, at most; to negligent conduct rather than the intentional violation of any of Plaintiff's rights.

Defendants DiLullo and Washburn, therefore, have neither violated any clear provision of federal law as to Plaintiff's property, nor actually made any error with respect to the transfer of Plaintiff's vehicle to West End after its lawful seizure in January 1996.

**II. EVEN IF A FEDERAL RIGHTS VIOLATION COULD BE ATTRIBUTED TO DEFENDANTS WASHBURN AND DILULLO, THERE IS NO BASIS TO IMPOSE ANY LIABILITY ON DEFENDANT CITY OF ERIE**

The law determined by the Supreme Court regarding municipal and supervisory liability for the unconstitutional acts of subordinates may be summarized thusly: Generally, there is no *respondeat superior* liability simply because of the employment

relationship-*Monell v. Dept of Social Services* 436 U.S. 658 (1978). In most circumstances, if the individual officer is found not liable for damages on qualified immunity grounds, the policymakers and municipality must also be absolved from liability for having caused or tolerated the particular actions found not to impose individual liability *Los Angeles v. Heller* 475 U.S. 796 (1986).

In situations where the individual officer is liable to the plaintiff for federal rights violations, the Court has required that there be a very clear, causal relationship between the unconstitutional act and the decision of a policymaker, or custom, policy or practice of the municipality to impose municipal liability-*City of Canton v. Harris* 489 U.S. 378 (1989); *Pembaur v. Cincinnati* 475 U.S. 469 (1986); *St. Louis v. Praprotnik* 485 U.S. 112 (1988). A municipality's liability under 42 U.S.C. 1981 may not be broader than its liability under Section 1983 *Jett v. Dallas Independent School District* 491 U.S. 701 (1989).

The causal link between the alleged prior actions of the officer which were known to and ignored by the policymakers and the alleged injury to plaintiff is an essential, initial determination of law. If there is no causal link, that is; if the alleged prior incidents are not sufficiently similar, then the court dismisses the claim of municipal or supervisor liability without further consideration of the existence of an unconstitutional policy, custom or practice *Gottlieb v. Laurel Highlands School District* 272 F. 3d 168 (3rd Cir. 2001). See also *Telepo v. Palmer Township et al* 40 F. Supp 2d 596 (ED PA 1999), in which claims against the police chief were dismissed because no specific identified failure of training or discipline could be seen as the cause of the specific type of harm (malicious prosecution) allegedly suffered by the plaintiff. The officer was also absolved

of liability.

In the present case, Plaintiff has not established or even alleged that the named police officers were policy-making officials of the City of Erie, or that an official custom, practice or policy caused the destruction of his car and its contents.

**CONCLUSION:**

Plaintiff has failed to establish any basis for his case to proceed any farther against defendants Washburn, DiLullo or the City of Erie. The action should be dismissed with prejudice.

Respectfully Submitted,

OFFICE OF CITY SOLICITOR

By::/s/Gerald J. Villella, Esq.
Gerald J. Villella, Esquire ID 32814
626 State Street, Room 505
Erie, PA 16501
(814) 870-1235